J-S32011-17

2017 PA Super 248

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JALIL WILLIAMS | : | |
| | : | |
| Appellant | : | No. 666 EDA 2016 |

Appeal from the PCRA Order February 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009983-2009,
CP-51-CR-0403921-2003

BEFORE:  GANTMAN, P.J., STABILE, J., and FITZGERALD, J.*

OPINION BY GANTMAN, P.J.:                      **FILED JULY 27, 2017**

Appellant, Jalil Williams, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

In its July 18, 2013 opinion preceding Appellant's direct appeal, the trial court accurately set forth the relevant facts and procedural history of this case as follows:[2]

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] In its July 22, 2016 opinion preceding the current appeal, the PCRA court incorporated by reference the facts set forth in its July 18, 2013 opinion.

_____

*Former Justice specially assigned to the Superior Court

[Appellant] was arrested [on] September 18, 2002, after police observed [Appellant] selling 2 packets of crack cocaine to a buyer who was later stopped; also, [Appellant] was found with 2 packets of crack cocaine and $89.00 United States currency (USC). On October 24, 2003, [Appellant] was [convicted after a bench trial of possession of a controlled substance with the intent to deliver and simple possession and] sentenced to 9 to 19 months' incarceration followed by 2 years reporting probation (CP-51-CR-0403921-2003).

On May 18, 2007, a VOP hearing was held, probation/parole was revoked, and [Appellant] was sentenced to 6 to 23 months' incarceration followed by 3 years' probation. On September 3, 2007, [Appellant] was granted parole.

On August 15, 2008, [Appellant] was arrested for aggravated assault and related charges (MC-51-CR-0041231-2008). On September 2, 2008, [Appellant] was arrested for simple assault, burglary, violating the Uniform Firearms Act (VUFA), and related charges (MC-51-CR-0044379-2008). Both matters were dismissed on March 3, 2009. On September 2, 2008, [Appellant] was placed on wanted cards for absconding.

On July 27, 2010, [Appellant] entered into a non-negotiated guilty plea to possessing cocaine with the intent to deliver (arrest date 7/25/09) and was sentenced to [8 to] 23 months' house arrest and a concurrent term of 72 months' reporting probation (CP-51-CR-0009983-2009); his probation was revoked on CP-51-CR-0403921-2003, and he was given a concurrent term of 6 years' probation for his violation.

On August 12, 2010, [Appellant] was placed on wanted cards. At a VOP hearing on September 1, 2010, probation was revoked and [Appellant] was placed on 6 years' probation on CP-51-CR-0403921-2003, to run consecutive to CP-51-CR-0009983-2009, in which 8 to 23 months' incarceration to be followed by 72 months' reporting probation (6 years' reporting and one year non-reporting) was imposed.

On March 25, 2011, [Appellant] was released from custody after parole was granted and, while on parole, he submitted to urine screenings that were positive for marijuana, opiates, cocaine, and benzodiazepines. He failed to report to a drug screening, and his history of reporting was sporadic.

[Appellant] was arrested on May 1, 2012, and charged with VUFA and related offenses (CP-51-CR-0007854-2012).

After a VOP hearing on February 5, 2013, probation was revoked…, and sentencing was deferred pending the completion of a Presentence Report. On April 17, 2013, this court sentenced [Appellant] to 108 to 216 months' incarceration on CP-51-CR-0009983-2009, and one year consecutive reporting probation on CP-51-CR-0403921-2003. …

(Trial Court Opinion, filed July 18, 2013, at 1-4) (internal citations and footnotes omitted). On August 14, 2014, this Court affirmed Appellant's judgment of sentence at dockets CP-51-CR-0403921-2003 and CP-51-CR-0009983-2009. *See Commonwealth v. Williams*, 106 A.3d 159 (Pa.Super. 2014). Appellant did not seek further direct review.

On November 19, 2014, Appellant timely filed his first PCRA petition *pro se*. Appellant retained PCRA counsel, who filed an amended PCRA petition on March 13, 2015.[3] The Commonwealth filed a motion to dismiss on July 14, 2015. On October 2, 2015, Appellant filed a second amended PCRA petition. The Commonwealth responded on December 21, 2015. On

_____

[3] Appellant filed his *pro se* PCRA petition at docket CP-51-CR-0009983-2009 only. Appellant filed his amended PCRA petition and all subsequent filings at dockets CP-51-CR-0403921-2003 and CP-51-CR-0009983-2009.

January 15, 2016, the court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.

On January 25, 2016, Appellant filed a *pro se* motion for appointment of counsel. Appellant alleged that he contacted PCRA counsel on January 20, 2016, after receipt of the court's Rule 907 notice. According to Appellant, PCRA counsel said he would no longer represent Appellant because Appellant could not afford to pay him. Appellant noted PCRA counsel did not file a formal motion to withdraw with the court. Appellant claimed PCRA counsel abandoned him, and Appellant lacked resources to hire another attorney. Appellant also alleged PCRA counsel was ineffective because he failed to raise issues Appellant wanted to pursue. Appellant asked the court to appoint new PCRA counsel. The next day, Appellant filed a *pro se* response to the court's Rule 907 notice.[4]

On February 19, 2016, without responding to Appellant's *pro se* motion for appointment of counsel, the PCRA court dismissed Appellant's petition at docket CP-51-CR-0009983-2009. The court dismissed Appellant's

---

[4] Nothing in the record suggests the PCRA court forwarded Appellant's *pro se* filings to PCRA counsel, who was still counsel of record. **See** Pa.R.Crim.P. 576(A)(4) (stating in any case in which defendant is represented by attorney, if defendant submits written motion, notice or document that has not been signed by defendant's attorney, clerk of courts shall accept it for filing and forward copy of time-stamped document to defendant's attorney and attorney for Commonwealth within 10 days of receipt).

petition at docket CP-51-CR-0403921-2003 on February 22, 2016.[5] On February 25, 2016, Appellant filed a *pro se* notice of appeal at both dockets and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In his Rule 1925(b) statement, Appellant alleged, *inter alia*, the PCRA court erred by dismissing his first PCRA petition without appointing new counsel where Appellant was indigent and privately-retained PCRA counsel had abandoned him. That day, Appellant also filed a *pro se* motion for appointment of counsel.[6] The court appointed PCRA appellate counsel on March 16, 2016. On April 26, 2016, the court ordered Appellant to file a Rule 1925(b) statement. Appellant filed a counseled Rule 1925(b) statement on May 6, 2016.

Appellant raises six issues for our review:

> WAS THE SENTENCE IMPOSED IN THIS CASE OF 9 TO 18 YEARS AT THE VOP HEARING ILLEGAL AND UNCONSTITUTIONAL BECAUSE IT VIOLATED [APPELLANT'S] RIGHT NOT TO BE PLACED IN DOUBLE

---

[5] The dismissal order reflects the court's belief that PCRA counsel was still representing Appellant. The order states: "AND NOW, this 22nd day of February, 2016, this [c]ourt having determined that the issues raised by [Appellant] in his Post Conviction Relief Act Petition are without merit or have been previously litigated, this matter is dismissed. 907 Notice previously sent. *In Forma Pauperis* status to continue. Upon [Appellant's] request, present PCRA counsel to file an appeal to the dismissal of [Appellant's] petition in the Superior Court of Pennsylvania within thirty (30) days from the date of the Formal Dismissal of PCRA Petition." (Order, filed 2/22/16, at 1).

[6] This motion for appointment of counsel is identical to the motion Appellant filed on January 25, 2016.

JEOPARDY FOR THE SAME OFFENSE?

WAS APPELLATE DEFENSE COUNSEL ON DIRECT APPEAL FROM THE VOP SENTENCE INEFFECTIVE FOR NOT INFORMING THE APPELLATE COURT THAT APPELLANT HAD BEEN ACQUITTED AT TRIAL OF THE VUFA OFFENSE WHICH WAS THE SUBJECT OF THE [*DAISEY*] *KATES*[7] VOP HEARING WHEREIN THE PRESIDING JUDGE FOUND THAT [APPELLANT] HAD POSSESSED THE FIREARM?

IS APPELLANT ENTITLED TO A NEW SENTENCING HEARING BECAUSE THE TRIAL COURT DID NOT ORDER THAT APPELLANT RECEIVE CREDIT FOR TIME SERVED ON HIS SENTENCE FROM THE DATE OF HIS ARREST TO THE DATE OF HIS SENTENCING AND DID NOT ORDER CREDIT FOR TIME SERVED OF 46 MONTHS CREDIT FOR PREVIOUS INCARCERATIONS HE HAD RECEIVED IN THE CASE FOR HIS PRIOR PROBATION VIOLATIONS?

DID THE TRIAL COURT ERR IN NOT ORDERING A NEW VOP SENTENCE HEARING BECAUSE APPELLANT WAS ACQUITTED OF THE VUFA OFFENSE AT A SUBSEQUENT TRIAL INDICATING THAT APPELLANT WAS INNOCENT OF THE VUFA VIOLATION OF WHICH HE WAS FOUND TO HAVE COMMITTED BY THE TRIAL COURT AT THE [*DAISEY*] *KATES* VOP HEARING?

WAS APPELLANT'S VOP COUNSEL INEFFECTIVE AT THE VOP HEARING BECAUSE COUNSEL FAILED TO OBJECT TO IMPROPER PREJUDICIAL HEARSAY EVIDENCE THE ADMISSION OF WHICH ALSO DENIED APPELLANT HIS STATE AND FEDERAL RIGHT TO CONFRONT THE EVIDENCE AGAINST HIM?

WAS APPELLANT'S PCRA COUNSEL INEFFECTIVE FOR FAILING TO ASSERT VOP DEFENSE COUNSEL'S INEFFECTIVENESS FOR FAILURE TO REQUEST A CONTINUANCE OF THE VOP HEARING UNTIL AFTER THE CONCLUSION OF [APPELLANT'S] TRIAL FOR VUFA OFFENSE AND FAILURE OF VOP COUNSEL TO INTRODUCE

---

[7] ***Commonwealth v. Kates***, 452 Pa. 102, 305 A.2d 701 (1973).

EVIDENCE OF [APPELLANT'S] INNOCENCE OF THE FIREARM OFFENSE AT THE VOP HEARING IN THE FORM OF EXPERT TESTIMONY WHICH SHOWED THAT [APPELLANT'S] FINGERPRINTS WERE NOT ON THE FIREARM?

(Appellant's Brief at 2).

As a preliminary matter, Pennsylvania Rule of Criminal Procedure 904 provides, in pertinent part:

**Rule 904. Entry of Appearance and Appointment of Counsel; *In Forma Pauperis***

\* \* \*

(C) Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

\* \* \*

(F) When counsel is appointed,

\* \* \*

(2) the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief.

Pa.R.Crim.P. 904(C), (F)(2). This Court has stated:

Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process. …

\* \* \*

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

*Commonwealth v. Robinson*, 970 A.2d 455, 457-59 (Pa.Super. 2009) (*en banc*). *See also Commonwealth v. Kenney*, 557 Pa. 195, 732 A.2d 1161 (1999) (explaining indigent petitioner has right to appointment of counsel to assist in prosecuting first PCRA petition; where that right has been effectively denied by action of court or counsel, petitioner is entitled to remand to PCRA court for appointment of counsel to prosecute PCRA petition; remand serves to give petitioner benefit of competent counsel **at each stage of post-conviction review**).

Instantly, on November 19, 2014, Appellant timely filed his first PCRA petition *pro se*. Appellant retained PCRA counsel, who filed an amended PCRA petition on March 13, 2015, and a second amended PCRA petition on October 2, 2015. The court issued Rule 907 notice on January 15, 2016. On January 25, 2016, Appellant filed a *pro se* motion for appointment of counsel. Appellant alleged that he contacted PCRA counsel on January 20, 2016, after receipt of the court's Rule 907 notice. According to Appellant, PCRA counsel said he would no longer represent Appellant because Appellant

could not afford to pay him. Appellant noted PCRA counsel did not file a formal motion to withdraw with the court. Appellant claimed PCRA counsel abandoned him, and Appellant lacked resources to hire another attorney. Appellant also alleged PCRA counsel was ineffective because he failed to raise issues Appellant wanted to pursue. Appellant asked the court to appoint new PCRA counsel. Appellant also filed a *pro se* response to the court's Rule 907 notice that day.

Notwithstanding Appellant's allegations of indigency and abandonment by PCRA counsel, the court took no action on Appellant's request for appointment of counsel before denying PCRA relief. The record indicates Appellant is indigent. Thus, Appellant was entitled to appointment of counsel throughout **all stages** of litigating his first PCRA petition. ***See*** Pa.R.Crim.P. 904(C), (F)(2); ***Kenney, supra***; ***Robinson, supra***. Additionally, the PCRA court opinion states the court held a hearing on Appellant's PCRA claims; but no indication of a PCRA hearing appears in the certified record, and Appellant disputes that a hearing ever took place. Further, the PCRA court declined to address many of the issues presented in Appellant's *pro se* voluntary Rule 1925(b) statement and counseled court-ordered Rule 1925(b) statement.

Given the significant rights at issue, Appellant's claims of abandonment and detailed and layered issues on appeal, and the incomplete record before us, the best resolution of this case is to vacate and remand for

PCRA appellate counsel to file a new amended PCRA petition on Appellant's behalf and for further proceedings. *See Kenney, supra* (holding reviewing court is error-correcting court and cannot evaluate claim that PCRA court did not consider; Superior Court has no original jurisdiction in PCRA proceedings; if record is insufficient to adjudicate allegations, case should be remanded for further inquiry). Accordingly, we vacate and remand for further proceedings.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2017