J-S78031-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALLEN J. BENNETT, | : | |
| | : | |
| Appellant | : | No. 827 WDA 2017 |

Appeal from the Order Entered May 19, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002049-2016

BEFORE:  OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　　　**FILED JANUARY 11, 2018**

Allen J. Bennett (Appellant) appeals from the May 19, 2017 order that denied his "motion for dismissal or removal of fines."  Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We deny counsel's petition, vacate the trial court's May 19, 2017 order, and remand for further proceedings.

Appellant cashed a check from his former employer knowing that payment had been stopped.  Proceeding *pro se* because he, at the time, did not qualify for appointed counsel, Appellant ultimately pled guilty to one count of receiving stolen property in exchange for the Commonwealth's withdrawal of the remaining charges.  On April 10, 2017, the trial court

* Retired Senior Judge assigned to the Superior Court

sentenced Appellant to five years of probation along with costs, but expressly declined to impose fines. N.T., 4/10/2017, at 15.

On May 17, 2017, Appellant filed the above-referenced motion, claiming therein that he received paperwork indicating that "fines, costs, and fees totaling $3,198.00" had been imposed and asking the trial court "to issue an order waiving these itemized accounts." Motion for Dismissal or Removal of Fines, 5/17/2017, at ¶¶ 2, 4. The trial court denied the motion by order of May 19, 2017.

On June 6, 2017, Appellant filed a notice of appeal. Appellant also filed on that date a motion to proceed *in forma pauperis* (IFP) and to obtain appointed counsel. In response, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, granted Appellant leave to proceed IFP on appeal as to filing fees, and instructed Appellant to file an application with the Erie County Public Defender's Office if he was unable to afford counsel. Order, 6/16/2017. On July 13, 2017, counsel from the Public Defender's Office filed on Appellant's behalf a motion to file his concise statement *nunc pro tunc*, citing a family health emergency that had delayed Appellant's obtaining counsel. By order of July 17, 2017, the trial court granted the motion, giving counsel 21 days to file a concise statement. On August 7, 2017, counsel instead filed a statement of intent to file an ***Anders*** brief.

In the **Anders** brief filed in this Court, counsel contends that the appeal is wholly frivolous because Appellant's motion to remove fines was a post-sentence motion that was not filed within ten days of his judgment of sentence. **Anders** Brief at 13. Because untimely-filed post-sentence motions do not toll the appeal period, Appellant's appeal from his judgment of sentence had to be filed on or before May 10, 2017. **Id.** Therefore, Appellant's notice of appeal filed on June 6, 2017 was not timely filed, and this Court lacks jurisdiction over the appeal. **Id.** In the alternative, counsel notes that no fines were imposed in the case; rather, the $3,188 at issue is costs and fees, which the trial court did impose at sentencing. **Id.** at 14.

We disagree with counsel's characterization of Appellant's May 17, 2017 motion as an untimely-filed post sentence motion. "[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA[1] petitions." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (citing **Commonwealth v. Fowler**, 930 A.2d 586 (Pa. Super. 2007) (collecting cases)). **See also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (quoting **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("'We have repeatedly held that ... any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.'").

---

[1] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

Here, Appellant was sentenced on April 10, 2017. Pursuant to the PCRA, his judgment of sentence became final on May 10, 2017, when he failed to file a direct appeal. **See** 42 Pa.C.S. § 9545 ("[A] judgment becomes final at the conclusion of direct review… or at the expiration of time for seeking the review."); Pa.R.Crim.P. 720 ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence…."). Accordingly, the PCRA court should have treated Appellant's May 17, 2017 motion as a timely-filed PCRA petition.

An indigent petitioner has a statutory right to the appointment of counsel throughout the litigation of his first PCRA petition. **Commonwealth v. Williams**, 167 A.3d 1, 5 (Pa. Super. 2017) ("The record indicates [Williams] is indigent. Thus, [Williams] was entitled to appointment of counsel throughout **all stages** of litigating his first PCRA petition." (emphasis in original)). Once appointed, PCRA counsel has the duty "to either (1) amend the petitioner's *pro se* petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of" **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **Commonwealth v. Cherry**, 155 A.3d 1080, 1083 (Pa. Super. 2017).

Here, Appellant is indigent: he has qualified to proceed IFP on appeal and to be represented by the Public Defender's Office. However, he did not have the assistance of counsel until after what should have been treated as his first PCRA petition had been denied and he had filed a notice of appeal. While counsel examined the record and opined that there were no non-frivolous issues to be litigated in a direct appeal in the procedural posture in which she found it, that does not satisfy Appellant's rights. Rather, Appellant is entitled to have counsel examine the record for meritorious PCRA claims and file an amended petition on his behalf. *Id.*

Therefore, we deny counsel's petition to withdraw, vacate the order denying Appellant's May 17, 2017 motion, and remand for counsel to consult with Appellant and to file either an amended PCRA petition or a petition to withdraw pursuant to *Turner* and *Finley*.

Petition to withdraw denied. Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2018

- 5 -