J-S05045-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAKIN MAYO, | : | |
| | : | |
| Appellant | : | No. 1558 WDA 2017 |

Appeal from the PCRA Order August 29, 2017
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002813-2008

BEFORE:   OLSON, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          FILED MARCH 28, 2018

Rakin[1] Mayo (Appellant) appeals pro se from the August 29, 2017 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order and remand with instructions.

In September 2009, Appellant was sentenced to ten to twenty years of incarceration after pleading guilty to crimes related to his possession of controlled substances.  He did not file a direct appeal.  In February 2015, Appellant pro se filed a petition for credit time.  The lower court granted it in part and denied it in part, awarding some additional credit for time he served in New York.  On appeal, this Court held that the petition should have

_____

[1] While Appellant in some places in the record is referred to as Rakim Mayo, it appears from both his brief and that of the Commonwealth that Appellant's first name is Rakin.   We have amended the caption accordingly.

*Retired Senior Judge assigned to the Superior Court.

been treated as Appellant's first PCRA petition, which required the appointment of counsel or a waiver-of-counsel colloquy. Commonwealth v. Mayo, 168 A.3d 314 (Pa. Super. 2017) (unpublished memorandum). Therefore, we vacated the order and remanded for further proceedings consistent with our memorandum decision. Id. (unpublished memorandum at 8).

By order of April 10, 2017, the PCRA court appointed Paul M. Puskar, Esquire, to represent Appellant, granted Attorney Puskar 60 days to file an amended PCRA petition, and scheduled a status conference to take place on June 29, 2017. Neither the record nor the docket contains any indication that an amended PCRA petition was filed, or that the status conference was conducted on the record. The next docket entry is an order filed on June 29, 2017, indicating that a conference with counsel had been held, that the Commonwealth had 20 days to file "its motion to dismiss the PCRA petition as being untimely," and directing the court administrator to schedule an evidentiary hearing. Order, 6/29/2017 (unnecessary capitalization omitted).

The Commonwealth filed its motion on July 13, 2017, and the PCRA court held a hearing on August 29, 2017. Attorney Puskar appeared at the hearing on Appellant's behalf, and Appellant participated via video conferencing. Counsel indicated that Appellant filed his petition within one month of discovering that he had not been given all of the credit for time served that Appellant had been promised. N.T., 8/29/2017, at 2. The

Commonwealth's position was that Appellant had not pled an exception to the PCRA's one-year timeliness requirement, that Appellant had plenty of opportunity to learn his credit-time status before he did, and that he has been given the proper credit time. Id. at 1-3. After indicating its opinion that this Court erred in its March 14, 2017 holding, the PCRA court took the Commonwealth's motion under advisement. Id. at 10.

On August 30, 2017, the PCRA court entered an order dismissing Appellant's petition as untimely filed, indicating therein that the order was without prejudice for Appellant to seek relief in the Commonwealth Court against the Department of Corrections. While the order was not docketed in full compliance with Pa.R.Crim.P. 114(C)(2), a stamp on the order indicates that it was served on "counsel of record" on August 30, 2017.

On September 7, 2017, Appellant pro se filed a petition for the transcript of the August 29, 2017 hearing. There is no indication in the record or on the docket that this petition was forwarded to Attorney Puskar as required by Pa.R.Crim.P. 576(A)(4). In a handwritten letter to the clerk of courts dated September 21, 2017, Appellant requested a copy of the order dismissing his petition, stating that he had not received it although it had been almost 30 days, but that he required it to "put in" his appeal. Letter, 9/21/2017. The envelope is postmarked September 28, 2017, and it was docketed on October 2, 2017. The record reflects that the requested

order was sent to Appellant on October 2, 2017, but does not denote that Appellant's letter was forwarded to his attorney of record.

The next docket entry is Appellant's pro se handwritten notice of appeal, which is dated September 28, 2017. The notice is time-stamped as having been received by this Court's prothonotary on October 4, 2017, and received by the Blair County prothonotary on October 10, 2017. The docket reflects that the notice was forwarded to Attorney Puskar.[2]

On October 13, 2017, the PCRA court entered an order directing the filing of a statement of errors complained of on appeal pursuat to Pa.R.A.P. 1925(b). The order was sent both to Appellant and his counsel. Appellant pro se filed a statement on October 30, 2017. The PCRA court thereafter informed the Blair County prothonotary that it "will stand on the record relative to this appeal." Letter, 11/1/2017.

Before we address the issues Appellant raises in this Court, we consider whether he is properly proceeding pro se. "Counsel for a defendant may not withdraw his or her appearance except by leave of court." Pa.R.Crim.P. 120(B)(1). In the context of PCRA proceedings, a first-time petitioner has a rule-based right to counsel that "extends throughout the post-conviction proceedings, including any appeal from the disposition of the

---

[2] The docket also has an entry for a corrected notice of appeal filed on October 13, 2017. This typewritten notice is dated October 4, 2017, and marked as filed in the Superior Court on October 12, 2017. There is no indication that this second notice was forwarded to Appellant's counsel.

- 4 -

PCRA petition." Commonwealth v. Smith, 121 A.3d 1049, 1053 (Pa. Super. 2015). "[O]nce counsel has entered an appearance on a [petitioner's] behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance." Id. (citation and internal quotation marks omitted).

> [B]efore an attorney can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of [Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc)].

Commonwealth v. Willis, 29 A.3d 393, 400 (Pa. Super. 2011) (quoting Commonwealth v. Karanicolas, 836 A.2d 940, 947 (Pa. Super. 2003)) (emphasis added).

There is no indication on the docket or in the certified record that Attorney Puskar sought or was granted leave to withdraw from his representation of Appellant.[3] Rather, Attorney Puskar remains Appellant's counsel of record, and has the obligation to represent his client unless and until he is allowed to withdraw. For reasons not apparent from the record before us, it appears that Attorney Puskar may not have fulfilled those obligations.

---

[3] However, from Appellant's brief to this Court, it appears that Attorney Puskar may have informed Appellant of his intent to seek to withdraw. Appellant's Brief at 3. Again, the record before us does not show that Attorney Puskar filed any request to do so.

- 5 -

"Given the significant rights at issue... and the incomplete record before us, the best resolution of this case is to vacate and remand for PCRA [] counsel to file a new amended PCRA petition on Appellant's behalf and for further proceedings."[4] Commonwealth v. Williams, 167 A.3d 1, 6 (Pa. Super. 2017).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2018

---

[4] The record reflects that the relationship between Appellant and Attorney Puskar had been strained. See, e.g., N.T., 8/29/2017, at 4 (Attorney Puskar representing "there has been a bit of a history between Mr. Mayo and I [sic]...."). Should the PCRA court deem it more appropriate, it may appoint new PCRA counsel for the proceedings on remand.