J-S26030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND MCLAUGHLIN | : | |
| | : | |
| Appellant | : | No. 2770 EDA 2018 |

Appeal from the PCRA Order Entered September 11, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006564-2007

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED JUNE 17, 2019**

Appellant, Raymond McLaughlin, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On May 8, 2008, Appellant entered a negotiated guilty plea to attempted murder, burglary, recklessly endangering another person, and kidnapping; and the court imposed the negotiated aggregate sentence of 15 to 30 years' imprisonment, concurrent to a federal sentence Appellant was serving.  Appellant did not file a direct appeal.

On December 6, 2017, Appellant filed a counseled first PCRA petition, claiming his federal sentence had recently been reduced due to a change in federal law, and seeking to reduce his state sentence based on the belief that his federal and state sentences were to run "totally concurrent."  The court

_____

*   Retired Senior Judge assigned to the Superior Court.

issued appropriate notice per Pa.R.Crim.P. 907 on August 10, 2018. Appellant filed a counseled response on August 15, 2018. On September 11, 2018, the court dismissed the petition as untimely and let counsel withdraw. Appellant timely filed a *pro se* notice of appeal on September 22, 2018. The court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b) statement.

Preliminarily: "Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." ***Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*).

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of [the PCRA], a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

***Id.*** at 458-59. ***See also*** Pa.R.Crim.P. 904(C), (F)(2) (stating indigent defendant is entitled to counsel for litigation of first PCRA petition, including on appeal); ***Commonwealth v. Williams***, 167 A.3d 1 (Pa.Super. 2017) (vacating and remanding where appellant did not receive appointment of counsel through **all stages** of litigating first PCRA petition). Importantly, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA

petition, even where the petition appears untimely on its face." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa.Super. 2002).

Instantly, Appellant retained private PCRA counsel, who represented Appellant before the PCRA court. When the court dismissed the petition as untimely, it allowed counsel to withdraw. Appellant claims he could not afford to pay for counsel's services on appeal. The record confirms Appellant is indigent. As this is Appellant's first PCRA petition, he is entitled to appointment of counsel for appeal. ***See*** Pa.R.Crim.P. 904(C), (F)(2); ***Robinson, supra***; ***Williams, supra***; ***Perez, supra***. Under these circumstances, the best resolution is to vacate and remand for the court to conduct a full ***Grazier***[1] hearing. If the court is convinced Appellant wants to proceed *pro se* on appeal, then the court can reinstate its PCRA order; and Appellant can file a notice of appeal. If Appellant does not want to proceed *pro se* or fails to show a valid waiver of counsel, then the court shall appoint counsel for the appeal and reinstate its PCRA order; and Appellant can proceed with a counseled appeal. ***See Robinson, supra*** (vacating order denying PCRA relief, remanding for ***Grazier*** hearing, and relinquishing jurisdiction; stating once appropriate proceedings are conducted, order denying PCRA relief can be reinstated, and appellant or counsel can appeal).

Order vacated; case remanded. Jurisdiction is relinquished.

---

[1] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/19