J-S40036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOMMY GLOVER | : | |
| | : | |
| Appellant | : | No. 193 WDA 2019 |

Appeal from the PCRA Order Entered January 9, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008590-2015

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                **FILED AUGUST 08, 2019**

Tommy Glover (Glover) appeals from an order entered on January 9, 2018, in the Court of Common Pleas of Allegheny County dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Because the PCRA Court denied Glover his right to appellate counsel, we remand the matter to the trial court so that appellate counsel may be appointed.

The pertinent procedural history is gleaned from the certified record.  On October 16, 2015, Glover pled guilty to several drug-related charges.  He was then sentenced to a prison term of 18 to 36 months, followed by three years of probation.  Glover did not file any post-sentence motions and did not appeal.

_____

*   Retired Senior Judge assigned to the Superior Court.

On September 18, 2018, Glover filed a *pro se* "Petition for Writ of Mandamus and/or Extraordinary Relief" seeking to vacate his plea. The Commonwealth argued that the petition was untimely and without merit, but moved the PCRA Court to appoint Glover counsel, as it was in substance his first petition for PCRA relief at the above-captioned docket number. *See* Commonwealth's Motion for Appointment of Counsel, at 1-2 (citing Pa.R.Crim.P. 904(c)). The PCRA Court granted the Commonwealth's motion, treated Glover's petition as his first request for PCRA relief and appointed Glover counsel. *See* PCRA Court Order, 10/10/2018, at 1.

Glover's appointed counsel then filed an amended PCRA petition on November 9, 2018, alleging that he was serving an illegal sentence because the Pennsylvania Department of Corrections had miscalculated the date the prison term had commenced. The amended petition included the claim that the incorrect calculation caused the petition's untimeliness, satisfying an exception to the PCRA's time-bar provisions.[1]

The Commonwealth opposed Glover's amended PCRA petition on two grounds. First, the Commonwealth argued that Glover's petition was untimely

---

[1] Glover's judgment of sentence became final on November 16, 2015, at the expiration of the 30-day period for seeking review. *See* 42 Pa.C.S. § 9545(b)(3)(judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). He had a year from that date to file a PCRA petition (November 16, 2016) so his petition filed on September 18, 2018, was facially untimely. *See id*. at § 9545(b)(1).

because he filed it over two years after the date his judgment of sentence became final. *See* Answer, 12/4/2018, at 3-4. Second, the Commonwealth contended that Glover had only disputed the calculation of his sentence, not its legality, making the claim non-cognizable under the PCRA because it was not part of his sentence and the Commonwealth Court has exclusive jurisdiction over the Department of Corrections' sentence calculations. *Id*.

On January 9, 2019, the PCRA Court summarily dismissed the amended petition, ruling that "to the extent it raises claims cognizable under the PCRA, it is untimely filed without an applicable exception." Trial Court Order, 1/9/2019, at 1. However, the PCRA Court indicated in the order that Glover would not be entitled to counsel at the appellate stage, ruling that he could only seek review "either *pro se* or through privately retained counsel." *Id*.[2]

On January 31, 2019, Glover filed a *pro se* notice of appeal. Although the PCRA Court had ordered him to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), Glover failed to do so. The PCRA Court submitted a Rule 1925(a) Opinion recommending that all issues on appeal should be considered waived due to Glover's failure to comply with Rule 1925(b).

---

[2] Glover has asserted the same sentence miscalculation claim in the Commonwealth Court, at docket number 791 MD 2018, but his petition was dismissed on June 12, 2019, due to his failure to perfect service on the respondents.

In lieu of an appellate brief, Glover has filed miscellaneous documents which pertain to his case. He did not present any issues for this Court to consider on appeal or otherwise suggest a basis for relief. The Commonwealth now argues that Glover's appeal must be quashed due to Glover's failure to adhere to the rules of appellate procedure.[3]

Although the Commonwealth correctly notes many deficiencies in Glover's *pro se* efforts, they are not fatal to his appeal due to the erroneous deprivation of PCRA counsel at the appellate stage.[4] Pennsylvania Rule of Criminal Procedure 904 provides, in pertinent part:

> **Rule 904. Entry of Appearance and Appointment of Counsel; *In Forma Pauperis***
>
> * * *
>
> (C) Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford

---

[3] Appellate courts demand compliance with the procedural rules. ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017). The appellant must "establish both the purported errors and any entitlement to relief therefrom." ***Commonwealth v. Love***, 896 A.2d 1276, 1287 (Pa. Super. 2006). When an appellant fails to comply with the procedural rules to the extent that issues are not cogently raised, the appeal is subject to dismissal. ***See Tchirkow***, 160 A.3d at 804. In this case, Glover failed to adhere to almost every procedural rule governing the presentation of issues asserted on appeal. ***See*** Pa.R.A.P. 2111-2119.

[4] The parties have not mentioned the PCRA Court's denial of appellate counsel, but it is an issue that must be raised by the court *sua sponte*. ***See Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011) ("Thus, we hold that where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error *sua sponte* and remand for the PCRA Court to correct that mistake.").

or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

* * *

(F) When counsel is appointed,

* * *

(2) **the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief**.

Pa.R.Crim.P. 904(C), (F)(2) (emphasis added).

In accordance with those rules of criminal procedure, defendants have the right to counsel for purposes of litigating a first PCRA petition through the entire appellate process. *See generally Commonwealth v. Williams*, 167 A.3d 1, 4–5 (Pa. Super. 2017); *Commonwealth v. Robinson*, 970 A.2d 455, 457–59 (Pa. Super. 2009).

As noted above, the PCRA Court and the Commonwealth agreed that Glover was an indigent, first-time PCRA petitioner at the docket number, CP-02-CR-0008590-2015. Glover was appointed PCRA counsel and an amended PCRA petition was then submitted on his behalf. The PCRA petition was dismissed on untimeliness grounds pursuant to the PCRA's time-bar provisions.

However, the PCRA Court denied Glover the benefit of appointed counsel for the purposes of appeal and ruled that he would instead have to retain a private attorney or proceed *pro se*. *See* Trial Court Order, 1/9/2019, at 1.

The appointment of counsel should have remained constant throughout the appellate proceedings, and nothing in the record suggests that Glover waived that right. Thus, the authorities above compel us to remedy the error by vacating the order dismissing the amended petition and remanding the case to the PCRA Court so that appellate counsel may be appointed. ***See Commonwealth v. Kenney***, 732 A.2d 1161 (Pa. 1999) (where indigent petitioner's right to appointment of counsel in prosecuting first PCRA petition has been denied, petitioner is entitled to remand for appointment of counsel to afford the benefit of counsel at each stage of post-conviction proceedings); ***see also Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011) (same).

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2019