J-S26035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELLONZO MEL BEY | : | |
| | : | |
| APPELLANT | : | No. 1777 WDA 2019 |

Appeal from the Order Entered October 21, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0002058-2018,
CP-26-CR-0002059-2018


BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED JUNE 30, 2020**

Mellonzo Mel Bey (Bey) appeals[1] from the October 21, 2019 order of the

Court of Common Pleas of Fayette County (trial court) denying his *pro se*

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On November 19, 2019, Bey filed a single notice of appeal containing the two above-listed docket numbers.  On December 26, 2019, this court issued a rule to show cause why the appeal should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and its progeny.  Our review of the record reveals that the October 21, 2019 order contained both of the above-captioned docket numbers.  In addition, both cases were consolidated for a single jury trial on August 6, 2019, and it appears that Bey was sentenced on both cases on August 8, 2019.  While individual sentencing orders were issued in each case, the orders do not contain an explanation of Bey's post-sentence and appellate rights, and a transcript of the sentencing proceedings was not produced for this appeal.  Under these circumstances, we cannot discern from the record whether Bey was properly advised of his post-sentence and appellate rights, and we excuse his non-compliance with

Motion for Time Credit and Correct Commitment. After careful review, we reverse and remand for further proceedings.

A brief recitation of the procedural history of the cases is necessary to our disposition. In each of the above-captioned cases, Bey was charged with possession with intent to deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia.[2] The charges arose out of two sales of heroin Bey made to a confidential informant. Bey proceeded to a consolidated jury trial on August 6, 2019, and was found guilty of all charges. On August 8, 2019, he was sentenced in each case to 21 to 42 months' incarceration, to be served concurrently. He did not file a direct appeal.

On October 11, 2019, Bey filed a Motion for Time Credit and Correct Commitment containing both docket numbers. Bey sought to have the period from August 1, 2018, to August 8, 2019, credited toward his sentence, claiming that he had been held in pre-trial incarceration during that time. The trial court concluded that the motion was an untimely post-sentence motion

---

*Walker* as a breakdown in court operations. *See Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019).

[2] 35 P.S. §§ 780-113(a)(30), (16) & (32).

and denied it without a hearing on October 21, 2019. Bey timely appealed.[3]
Bey and the trial court have complied with Pa.R.A.P. 1925.

"[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of the sentence and is cognizable under the [Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 *et seq.*]." ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007); 42 Pa.C.S. § 9542. Further, a trial court must construe any motion filed after a defendant's judgment of sentence becomes final as a petition filed pursuant to the PCRA. ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011). Bey's judgment of sentence became final on September 9, 2019,[4] when the period for filing a direct appeal expired. Therefore, the trial court should have treated Bey's motion, filed on October 11, 2019, as a first, timely petition pursuant to the PCRA.[5]

---

[3] The trial court urges this court to quash the appeal as untimely, as it was "accepted by the Superior Court on December 2, 2019 approximately forty-two (42) days after the decision was entered." Trial Court Opinion, 1/28/20, at 2. However, the certificate of service on the notice of appeal is dated November 19, 2019, and the envelope that the notice was mailed in was postmarked shortly thereafter. As Bey is currently incarcerated, we conclude that his notice of appeal was filed timely pursuant to the prisoner mailbox rule. ***Smith v. Pa. Bd. of Probation & Parole***, 683 A.2d 278, 282 (Pa. 1996).

[4] Bey had 30 days from his August 8, 2019 sentencing to perfect a direct appeal. Pa.R.A.P. 903(a). As the 30th day, September 7, 2019, fell on a Saturday, Bey was required to file a direct appeal by Monday, September 9, 2019. ***See*** 1 Pa.C.S. 1908.

[5] Our standard of review is well-settled.

It is well-settled that a petitioner has the right to counsel at each stage of review of his or her first petition pursuant to the PCRA. Pa.R.Crim.P. 904(c); **Commonwealth v. Williams**, 167 A.3d 1, 5 (Pa. Super. 2017). When an indigent petitioner has been deprived of counsel, this court should remand for appointment of counsel to prosecute the petition. **Commonwealth v. Kenney**, 732 A.2d 1161, 1164 (Pa. 1999). Appointed counsel may then be permitted to file an amended PCRA petition raising any additional claims he or she identifies upon review of the record. **Commonwealth v. Padden**, 783 A.2d 299, 307-08 (Pa. Super. 2001).

Our review of the record reveals that the trial court did not appoint counsel to represent Bey in the prosecution of his PCRA petition. Therefore, we reverse the order denying Bey's motion and remand for the appointment of counsel. If Bey wishes to proceed *pro se*, the trial court shall conduct a

---

The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Further, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

**Commonwealth v. Cruz**, 223 A.3d 274, 277 (Pa. Super. 2019) (citations and quotation marks omitted).

***Grazier***[6] hearing to determine whether his waiver of counsel is voluntary, knowing, and intelligent.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge McLaughlin joins the memorandum.

Judge Murray concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2020

---

[6] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).